

**ORDERED in the Southern District of Florida on July 17, 2013.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

Case No. 10-11265-BKC-JKO

SOCA IMAGING, INC.,                     Chapter 7 Cases
NAVIX IMAGING, INC.                     (Jointly Administered)

     Debtor.

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE AGREEMENT TO**
**COMPROMISE CONTROVERSY BETWEEN (I) TRUSTEE; (II) MILES GILMAN;**
**(III) SOCA SERVICES, INC.; AND (IV) SOCA PROPERTIES, LLC**

     **THIS CASE** having come before the Court upon the *Trustee's Motion to Approve*

*Agreement to Compromise Controversy Between (I) Trustee; (II) Miles Gilman; (III) Soca*

*Services, Inc.; and (IV) Soca Properties, LLC* (the "Motion") [ECF # 770]. The Court, having

considered the Motion, Court file and the *Agreement to Compromise Controversy* attached to the

Motion as Exhibit "A," and having noted that no objections to or requests for hearing on the

Motion have been filed as evidenced by the *Certificate of No Response or Settlement and*

*Request for Entry of Order Regarding Trustee's Motion to Approve Agreement to Compromise*

*Controversy Between (I) Trustee; (II) Miles Gilman; (III) Soca Services, Inc.; and (IV) Soca*

*Properties, LLC* [ECF# 771], finding good cause for the granting thereof, and being otherwise fully advised in the premises, does thereupon

    1.      The Motion is **GRANTED**.

    2.      The Agreement[1] is **APPROVED** in its entirety.

    3.      In consideration for the Trustee's release and the Estates' release of any and all claims that they may have against the Defendants, including, but not limited to any claims that have been alleged or that could be alleged in the Adversary Proceeding, and including, but not limited to any and all potential preference claims or fraudulent conveyance claims, the Defendants shall pay to the Trustee the sum of Two Hundred Ninety Thousand Dollars ($290,000.00) (the "Settlement Payment"), which sum shall be paid as follows:

        a.      Initial payment of $45,000.00 (the "Initial Payment") to be paid by the Defendants to the Trustee, upon the earlier of twenty (20) days from the execution of the Agreement, or within five (5) days from the entry of this Order.   The Initial Payment shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of this Order, whereupon it shall be delivered to the Trustee;

        b.      The balance of $245,000.00 (the "Remaining Payments") shall be paid in six (6) monthly increments commencing July 1, 2013, with the July 1, 2013 increment at $45,000.00 and the remaining five (5) increments being at $40,000.00 each, beginning on August 1, 2013, and continuing each month thereafter on the 1st day of the month until all amounts are paid in full;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

2

c.      Until the entry of this Order, each of the Remaining Payments shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog, whereupon, upon the entry of this Order, they shall be delivered to the Trustee;

d.      Upon the entry of this Order, the Remaining Payments shall be made payable to Leslie S. Osborne, Trustee in Bankruptcy for Soca Imaging, Inc. and Soca Properties, LLC, and forwarded to him, c/o Rappaport, Osborne & Rappaport, PL, 1300 N. Federal Highway, Boca Raton, FL 33432;

e.      Should the Defendants default on timely making the Initial Payment or any of the Remaining Payments, the Trustee shall be entitled to a judgment of $1,350,000.00, less any payments made pursuant to the Agreement as against all Defendants.  Prior to the Trustee being entitled to a judgment against all Defendants, the Trustee shall give all Defendants written notice and a fifteen-day opportunity to cure.  In the event the Trustee gives notice of default pursuant to the Agreement, the Defendants shall pay the Trustee the sum of $500.00 in addition to the payment(s) due within the cure period, or the Trustee will be entitled to the aforementioned judgment;

f.      Miles Gilman, Soca Services, Inc. and Soca Properties, LLC, and any affiliates, waive any and all claims each may have against the Estate, and shall not be entitled to any distribution on account of any scheduled or filed claims;

g.      Within ten (10) days from receipt of the Settlement Payment from the Defendants, in good and cleared funds, the Trustee shall file a stipulation of dismissal with the

3

Court, thereby dismissing the Defendants, with prejudice, from the Adversary Proceeding, subject to the compliance with the terms of the Agreement;

4.      The Parties are authorized to execute all documents and take all actions necessary to effectuate the settlement.

5.      The Court retains jurisdiction to enforce the terms of the settlement between the Parties, and the Parties are directed to comply with the terms thereof.

# # #

Submitted by:
Leslie Gern Cloyd, Esq.
Berger Singerman LLP
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail:  lcloyd@bergersingerman.com

Copy furnished to:
Leslie Gern Cloyd, Esq.
*(Attorney Cloyd is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

4

5026361-2